United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Remy Floreal, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23360-Civ-Scola |
| State Attorney / Prosecutor, | ) |
| Defendant. | ) |

### Order

This matter is before the Court upon an independent review of the record and a screening of the complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff Remy Floreal, a pretrial detainee, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that Defendant, an unnamed prosecutor, has violated his Fourth, Fifth and Fourteenth Amendment rights through an unlawful arrest and continued detention. (ECF No. 1.) The Plaintiff has listed "State Attorney/Prosecutor" as the Defendant. (*Id.*) Although this matter was automatically referred to United States Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2, the Court *sua sponte* withdrew the referral on September 4, 2020.

### I. Background

The Plaintiff is presently being held at the Miami-Dade County Pretrial Detention Center. (ECF No. 1 at 2.) On June 4, 2019, the Plaintiff was arrested for an armed robbery and remained in custody until July 8, 2019 when he was released on his own recognizance. (*Id.* at 4.) According to the Plaintiff, the case was closed on July 15, 2019 for lack of evidence. (*Id.*) On July 24, 2019, unbeknownst to the Plaintiff, the charges were refiled. (*Id.*) The Plaintiff alleges that his attorney had no contact with him and conducted hearings without him. (*Id.*) On November 7, 2019, the Plaintiff was arrested for driving with an expired tag. (*Id.* at 5.) After his arrest, he was unable to "bond out" and was not told why. (*Id.*) He then learned that the armed robbery case had been refiled. (*Id.*)

Plaintiff is seeking punitive damages in the amount of $8 million from Defendant in his official capacity. (*Id.*) He claims to have "suffered mental anguish, psychological distress, deprivation of [his] freedom and emotional distress." (*Id.*)

### II. Legal Standard

Pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding *in forma pauperis*, the complaint must be dismissed if the court determines that

the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). Pursuant to Section 1915, a case is also subject to dismissal where a plaintiff seeks redress from the government if the complaint fails to state a claim on which relief may be granted. *Id.*

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to the plaintiff. *See Maps v. Miami Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2018) (*per curiam*). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972)(*per curiam*). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway,* 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." 550 U.S. 544 at 555 (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings,* 375 F.Supp.2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001)). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)).

### III. Discussion

The Plaintiff is only seeking punitive damages; therefore the complaint should be dismissed because the Defendant has absolute immunity from § 1983 suits for damages. A prosecutor is absolutely immune from suit for all actions that he takes while performing his function as an advocate for the state or government. *See Rehberg v. Paulk,* 611 F.3d 828, 837-38 (11th Cir. 2010), *affirmed by Rehberg v. Paulk,* 566 U.S. 356 132 (2012). A prosecutor is charged with initiation of criminal prosecution, appearance in judicial proceedings, and prosecutorial conduct before grand juries. *Id.* A prosecutor is not entitled to absolute immunity for fabricating evidence, as investigating and gathering evidence falls outside the prosecutorial function, though he may be entitled to qualified immunity for such conduct. *Rehberg,* 611 F.3d at 841. The prosecutor, however, is absolutely immune from suit for his actions in this case because his actions all related to his role as an advocate for the state. *See Rehberg,* 611 F.3d at 837-38; *Rowe,* 279 F.3d at 1279-80; *see also Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and presenting the state's case, the prosecutor is immune from civil suit for damages under § 1983."). Here, the complaint does not allege that the prosecutors engaged in misconduct outside the bounds of prosecutorial immunity. *See Rehberg,* 611 F.3d at 837-38, 841. The only inferable action of the prosecutor is a decision to charge Plaintiff with armed robbery and to then refile the charges. These actions are clearly within the realm of initiating prosecution for which he is immune from suit.

### IV. Conclusion

Accordingly, the claim against the Defendant is **dismissed** pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) because the defendant is immune from suit (**ECF No. 1**). Any pending motions are **denied as moot**. The Clerk is directed to **close** this case and **mail a copy of this Order** to the Defendant at the address listed below.

**Done and ordered**, in chambers, in Miami, Florida, on September 22, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*:
Remy Floreal
190166484
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125